## J. T. NEWCOM v. T. C. DUBOIS AND F. DUBOIS, Appellants.

**Practice: DEMURRER.** Code, section 2640, provides that a demurrer suspends the necessity of filing any other pleading until noon on the day after its determination. *Held*, that it was error to enter judgment on the same day on which a demurrer was sustained where it did not appear that appellant assented thereto or that he elected to stand on the ruling.

**PRACTICE: MOTION FOR MORE SPECIFIC STATEMENT.** In an action on a note given for the purchase price of an animal, the answer set up that the animal when purchased was lame, that the note was to be returned, if it failed to get well under proper treatment, and that it did not get well. *Held*, that it was error to sustain a motion to make the answer more specific by showing the medical treatment given to the animal.

**Pleadings: SUFFICIENT DEFENSE.** In an action on a note, an answer alleging that the note in suit and another were given as the purchase price of the lame animal, that the lameness continued, and by compromise one of the notes was returned, and it was agreed that the other should be returned if the animal failed to get well under proper treatment, and that it did not do so, sets up a good defense.

*Appeal from Crawford District Court.*—HON. C. D. GOLDSMITH, Judge.

WEDNESDAY, MAY 29, 1895.

Action to recover for money paid by the plaintiff in satisfaction of a promissory note which defendant executed to the plaintiff, and which the plaintiff indorsed to the Crawford County State Bank, and was compelled to pay. The defendants answered by averring defensive matter and a counterclaim at great length, and the plaintiff moved to strike part of the answer, and to make other parts more specific. The motion was sustained, whereupon the defendants amended the answer and counterclaim. A demurrer to the answer and counterclaim was sustained, to which

ruling the defendants excepted, and on the same day the court rendered judgment for the plaintiff on the pleadings, to which the defendants excepted, and appeal.—*Reversed.*

*Shaw & Kuehnle* for appellants.

*E. K. Burch* for appellee.

Rothrock, J.—I.  The judgment must be reversed, if for no other reason, because the court erred in rendering a judgment on the same day on which the demurrer was sustained.  Code, section 2640.  It is true that the defendants might have consented that judgment should be then rendered, but the record does not show such consent, nor does it show that they elected to stand on the ruling on the demurrer.

II.  We will not undertake to set out the answer in detail.  The defense, in substance, was that the note, with another note in the same amount, was given for part of the purchase price of a jackass, known as "David Crocket," and at the time of the purchase the animal was lame; and the contract was that, if the jack recovered from his lameness, the notes were to be valid and payable, and that, if the lameness continued, plaintiff was to deliver up both of said notes.  That the lameness did continue, and that afterwards defendants offered to return said animal, and demanded the return of the notes and a repayment of that part of the purchase money which they had paid in cash, whereupon a compromise was made by which one of the notes was delivered back to defendants, and, if the jack failed to get well by proper treatment, the other note was to be given up when it became due.  It is averred that the

jack did not recover from his lameness, notwithstanding he was given proper treatment. The motion to strike and make more specific was to the effect that the defendants should specifically state the manner in which the jack was treated, and the extent of the care and treatment, and that the part of the answer relating to a settlement should be stricken out because it does not constitute a defense to the action. This motion was sustained, and thereupon the defendants amended by setting forth what they did for the lame jack in the way of blistering and by the use of liniment under the plaintiff's direction. This amendment should not have been required. The answer was sufficient without it. The demurrer afterwards interposed was to the answer and counterclaim, and stated that it was especially directed to the counterclaim. It was sustained generally. It should have been overruled as to the defensive part of the original answer founded upon the original contract. That part of the answer was not attacked by the motion, and if it was intended to attack it on demurrer, the action being at law, the grounds of the demurrer should have been stated. No grounds were set forth, and, indeed, it is doubtful whether the pleader intended to attack the defense founded on the original contract. We discover no reason why the alleged settlement pleaded in the answer was not a defense. Surely it could not be held to be without consideration. We make these statements with reference to the pleadings to the end that when they come to be reformed, when the case is remanded, the parties may understand our views in reference to the pleadings. The judgment of the district court is *reversed.*